IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT HADLEY,                         )
                                       )
        Plaintiff,                     )
                                       )
   v.                                  )   CIVIL CASE NO. 1:20-cv-733-ECM
                                       )              (WO)
COFFEE COUNTY COMMISSION,              )
                                       )
        Defendant.                     )

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is the Plaintiff's Rules 59 and 60 Motion to Alter,

Amend, or Grant Relief from Judgment (doc. 55), filed on May 4, 2022.  Therein, the

Plaintiff argues that the Court should reverse its May 2, 2022, order granting summary

judgment to the Defendant (doc. 53), and the Court's accompanying final judgment to

that effect (doc. 54).  In that order, the Court found that because the Plaintiff failed to

acquire a right-to-sue letter from the Attorney General in a suit against a governmental

entity, as required by 42 U.S.C. § 2000e-5(f)(1), and because he did not argue that an

equitable waiver of that requirement was appropriate, his claims were not properly

brought, and summary judgment was due for the Defendant.

The Plaintiff cites two different rules in his motion.  Rule 59(e) allows the Court to

"alter or amend a judgment." Fed. R. Civ. P. 59(e). Similarly, Rule 60 allows the Court to

"relieve a party . . . from a final judgment, order, or proceeding" for a variety of reasons.

Fed. R. Civ. P. 60(b)(1)–(6).  However, "[t]he two rules cited . . . afford different types of

relief, and this Court will characterize a motion as one under Rule 59 or Rule 60,

depending on the type of relief requested." *Livernois v. Med. Disposables, Inc.*, 837 F.2d 1018, 1020 (11th Cir. 1988). "Whether a motion is characterized as a Rule 59 motion or a Rule 60 motion is critical because a Rule 59 motion tolls the running of the time for appeal, while a Rule 60 motion does not affect the finality of a judgment or suspend its operation for purposes of appeal." *Id.* (citation omitted).

The Court finds that the motion is properly brought as a Rule 59 motion to alter or amend. The Plaintiff wants the Court to reverse its previous grant of summary judgment and reopen the case for further proceedings (either to grant summary judgment on different grounds or allow the case to proceed to trial). *See, e.g.*, *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("Here, the relief sought was the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case. Thus, it is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the judgment."). It was also filed two days after the Court entered its order granting summary judgment, well within the Rule 59(e) time limit. *See, e.g.*, *Finch v. City of Vernon*, 845 F.2d 256, 258–59 (11th Cir. 1988) (quoting and applying a distinction popular in other circuits that when "a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled" (quoting *Dove*

*v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978))).[1]   The motion also raises substantive issues

with the Court's order, not merely "matters collateral to the merits." *Id.* at 258 (quoting

*Lucas v. Fla. Power & Light Co.*, 729 F.2d 1300, 1301 (11th Cir. 1984)).   Taken

together, the Plaintiff's motion is properly a motion to reconsider pursuant to Rule 59(e).

Any "reconsideration of an order is an extraordinary remedy and is employed

sparingly." *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005)

(citations omitted).   Generally, such relief is available only when "a party presents the

court with evidence of an intervening change in controlling law, the availability of new

evidence, or the need to correct clear error or manifest injustice." *Id.* (citation omitted).

"[A] motion to reconsider should not be used by the parties to set forth new theories of

law." *Mays*, 122 F.3d at 46 (footnote omitted); *see also O'Neal v. Kennamer*, 958 F.2d

1044, 1047 (11th Cir. 1992) ("Motions to amend should not be used to raise arguments

which could, and should, have been made before the judgment was issued." (citation

omitted)).

Setting forth a new theory of law is exactly what the Plaintiff's motion tries to

accomplish.   The Plaintiff points to no change in the law, new evidence, clear error, or

manifest injustice[2] that would necessitate the Court reconsidering its earlier order.

---

[1] The Circuit's mention of ten days, a direct quote from *Dove v. Codesco*, refers to the previous ten-day time limit on Rule 59(e) motions.   The time limit was extended to twenty-eight days by amendment in 2009.   *See* Fed. R. Civ. P. 59 Advisory Committee's Note to 2009 Amendment.

[2]  The Plaintiff does argue that because the Defendant has participated in the litigation process for over two years, allowing it now to argue that his failure to satisfy a non-jurisdictional prerequisite ends the case renders a manifest injustice.   However, that argument does not appear in the Plaintiff's original motion, (or his brief in opposition to summary judgment), but only in his reply brief, and so the Court does not consider it. *See, e.g.*, *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008) (declining "to address an argument advanced by [a party] for the first time in a reply brief").

Instead, the Plaintiff argues now, for the first time, that an equitable waiver of the administrative prerequisites is appropriate here.

But the Plaintiff's motion provides no explanation as to why he was unable to argue for an equitable waiver earlier in the proceedings.  From the outset, the Defendant has maintained that Plaintiff's claims were not properly brought.   The Plaintiff's complaint stated that upon receiving a right-to-sue letter from the EEOC, he had "the right to pursue [his] claim in federal court" for the next ninety days. (Doc. 1 at 1, para. 2). The Defendant denied that allegation. (Doc. 7 at 1, para. 2).  The Defendant also asserted in its answer that the Plaintiff "unreasonably failed to properly avail himself of administrative remedies." (*Id.* at 4, para. 4).  Thus, there was no surprise here that the Defendant contested whether the Plaintiff had exhausted his administrative prerequisites.

The Plaintiff was again placed on notice at the summary judgment stage.  The very first assertion in the Defendant's motion for summary judgment is that the Plaintiff "failed to meet the administrative prerequisites for bringing his claims[.]" (Doc. 38 at 1, para. 1).  Additionally, the words that kicked off the Defendant's argument in its brief in support of that motion were: "As an initial matter, Plaintiff has failed to meet the administrative prerequisites for bringing this claim because he did not receive a right-to-sue letter from the Attorney General as is required to bring suit against the Coffee County Commission as a governmental entity." (Doc. 39 at 10).  The Defendant followed that assertion with a citation to the appropriate statute (42 U.S.C. § 2000e-5(f)(1)), and to four different cases discussing or applying that requirement, including the two key cases on the issue from the Eleventh Circuit. (*See* Doc. 39 at 10–11 (citing, among others, *Fouche*

*v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1524 (11th Cir. 1983), and *Solomon v. Hardison*, 764 F.2d 699, 701 (11th Cir. 1984)). Each of the four cases discusses the requirement, when it applies, and how and when an equitable waiver is appropriate. The Plaintiff's brief in opposition to summary judgment does not mention that statute, any of the four cases, or the equitable waiver doctrine. It is not the proper role of the Court to invoke, analyze, and then grant equitable relief to a party in a manner that party did not request. To do so would put the Court in an advocacy role, and the Court declines to perform that function.

Instead, in an affidavit, Plaintiff's counsel now explains that out of the 200 or so discrimination cases he has handled, including many against governmental entities, this problem has never arisen. Maybe so. But it arose here, in a manner and form properly preserved and argued for by the Defendant. The Plaintiff did not respond to those arguments. A motion to reconsider is not the proper vehicle through which to respond to them now.

Accordingly, and for good cause, it is

ORDERED that the Plaintiff's Rules 59 and 60 Motion to Alter, Amend, or Grant Relief from Judgment (doc. 55) is DENIED.

Done this 7th day of June, 2022.

         /s/ Emily C. Marks
         EMILY C. MARKS
         CHIEF UNITED STATES DISTRICT JUDGE