IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT HADLEY,                          )
                                        )
       Plaintiff,                       )
                                        )
    v.                                  )   CIVIL CASE NO. 1:20-cv-733-ECM
                                        )                (WO)
COFFEE COUNTY COMMISSION,               )
                                        )
       Defendant.                       )

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is the Plaintiff's Third Renewed Rule 59 Motion to Alter or Amend a Judgment (doc. 62) filed on July 25, 2022.  The Plaintiff argues that the Court should vacate its May 2, 2022, order granting summary judgment to the Defendant (doc. 53), and final judgment entered therewith (doc. 54).  In granting summary judgment, the Court found that because the Plaintiff failed to acquire a right-to-sue letter from the Attorney General in a suit against a governmental entity, as required by 42 U.S.C. § 2000e-5(f)(1), and because he did not argue that an equitable waiver of that requirement was appropriate, his claims were not properly brought before the Court.

Because this is the Plaintiff's third renewed Rule 59 motion, a brief history is helpful.  In its January 25, 2022, summary judgment brief, (doc. 39), the Defendant argued that the Plaintiff "failed to meet the administrative prerequisites for bringing this claim because he did not receive a right-to-sue letter from the Attorney General as is required to bring suit against the Coffee County Commission as a governmental entity." (Doc. 39 at 10; *see also* Doc. 38 at 1, para. 1 ("Plaintiff failed to meet the administrative

prerequisites for bringing his claims.")).  The Plaintiff did not respond to this argument in

opposition to summary judgment, wholly failing to address the legal authorities cited by

the Defendant in support of the argument, and failing to invoke the doctrine of equitable

waiver.  The Court granted summary judgment to the Defendant, noting that the Plaintiff

> does not address the County's argument in any capacity. He
> makes no attempt to argue that he deserves an equitable
> waiver, does not discuss 42 U.S.C. § 2000e-5(f)(1) or any
> regulations issued under that provision, and does not cite any
> cases involving the equitable waiver doctrine. He produces no
> evidence that he attempted to obtain a letter from the
> Attorney General but could not, or that the Attorney General
> refused to issue one. By failing to argue for an equitable
> waiver, Hadley falls out of step with other plaintiffs granted
> such waivers—they, at a minimum, attempted to show why
> they were entitled to one. *See, e.g.*, *Keith*, 2021 WL 913481,
> at *7 (distinguishing *Langston* because the plaintiff in that
> case failed to invoke the equitable
> waiver doctrine, whereas the plaintiff in *Keith* had).

(Doc. 53 at 9–10).

In his first motion to alter and amend judgment, the Plaintiff argued, for the first

time, that an equitable waiver of the administrative prerequisite was appropriate.  (Doc.

55 at 3).  However, the Court denied the Plaintiff's motion to alter and amend judgment

because the Plaintiff offered "no explanation as to why he was unable to argue for an

equitable waiver earlier in the proceedings," and noting that a motion to reconsider is not

the proper vehicle through which arguments should be made for the first time.  (Doc. 59

at 4–5).

The Plaintiff filed a second renewed Rule 59 motion, again arguing that he is entitled to an equitable waiver. (Doc. 60). And the Court again denied the Plaintiff's motion. (Doc. 61).

On July 25, 2022, the Plaintiff filed his third renewed motion to alter or amend judgment "based on a newly received . . . right-to-sue letter" obtained from the Department of Justice on July 22, 2022. (Doc. 62). The Plaintiff once again wants the Court to reverse its previous grant of summary judgment and reopen the case to "put[] this case back on the judicial track" by allowing "further summary judgment consideration or allow the Plaintiff to pursue (sic) to trial." (Doc. 62 at 2).

Pursuant to Fed. R. Civ. P. 59(e), the Plaintiff may seek to alter or amend judgment only on the basis of "newly-discovered evidence or manifest errors of law or fact." *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)). "A party moving the court to alter or amend its judgment pursuant to Rule 59(e) faces an extremely heavy burden." *Scharff v. Wyeth*, 2012 WL 3149248 at *1 (M.D. Ala., Aug. 1, 2012). Moreover, "Rule 59(e) was not constructed to give the moving party another bite at the apple . . ." *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (internal quotations removed). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (11th Cir. 2007) (citations omitted).

The Plaintiff, again, points to no change in the law, clear error, or manifest injustice that would necessitate the Court reconsidering its earlier orders. Instead, the

Plaintiff argues that he now has a right to sue letter from the Department of Justice, and thus, should be permitted to proceed.

From the outset, the Defendant has asserted that the Plaintiff failed to meet the administrative prerequisites required to proceed. ( Doc. 7, at 1, para. 2). It was not until after the entry of final judgment that the Plaintiff acknowledged this argument.

The Plaintiff's attempt to cure the defect in his administrative prerequisites comes too late. The Plaintiff fails to point to any authority, and the Court has found none, that under Rule 59, the Court should vacate its order to allow the Plaintiff to litigate that which could have been litigated before entry of judgment.

> This omission is as regrettable as it is commonplace. Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license to move for reconsideration, vacatur, alteration or amendment as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a "do-over" to erase a disappointing outcome. This is improper.

*Garrett v. Stanton*, 2010 WL 320492, at \*2 (S.D. Ala. Jan. 18, 2010).

Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Plaintiff's Third Motion to Alter Judgment (doc. 62) is DENIED.

Done this 29th day of September, 2022.

                        /s/ Emily C. Marks
                        EMILY C. MARKS
                        CHIEF UNITED STATES DISTRICT JUDGE